# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CR-18-0125-HE |
| ) | |
| JOSE CONTRERAS-CABRERA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Jose Contreras-Cabrera previously entered a plea of guilty to a one-count indictment alleging violation of 8 U.S.C. § 1326(a), unlawful reentry by removed alien. He has now moved to withdraw that guilty plea, arguing that his prior removal was unlawful based on Pereira v. Sessions, 138 S. Ct. 2105 (2018), and that he is therefore not guilty of the present charge. The United States has responded in opposition to the motion.

Defendant was removed in 1992. After being found to have again entered the country, he was deported in 2011 based on a reinstatement of the 1992 order. Defendant contends the charging documents in his 1992 removal proceeding — an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien ("Order to Show Cause") — are the functional equivalent of the Notice to Appear now in use. He contends those documents were insufficient to subject him to the jurisdiction of the immigration court because they did not include the time and date of his hearing before the Immigration Judge.

Rule 11(d)(2)(B) allows a defendant to withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence, if "the defendant can show a fair and just

reason for requesting the withdrawal." While the defendant bears this burden, "motions to withdraw guilty pleas before sentencing are to be freely allowed, viewed with favor, treated with liberality, and given a great deal of latitude." United States v. Carr, 80 F.3d 413, 419 (10th Cir. 1996) (citation omitted). In the present circumstances, the question is essentially whether defendant is actually innocent of the present charge, based on Pereira.

It is less than obvious whether Pereira constitutes a jurisdictional requirement as defendant suggests. It is also doubtful whether, given the explicitly narrow question resolved in Pereria, it has application here where the "stop-time" rule is not involved.[1] Further, as the statute construed in Pereria was a 1997 statute, its application to a 1992 removal is questionable. However, the court concludes it is unnecessary to resolve these issues in the present circumstances, which involve a collateral challenge to the earlier removal proceedings.

Title 8 U.S.C. § 1326(d) generally prohibits collateral challenges to underlying removal proceedings. That general rule is subject to an exception where the defendant demonstrates that "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." *Id.* The court concludes none of those elements have been established here.

---

[1] "The narrow question in [Pereira] lies at the intersection of [the] statutory provisions" 8 U.S.C. §§ 1229b and 1229(a) addressing "the so-called 'stop-time rule' set forth in § 1229b(b)(1)." Pereira, 138 S. Ct. at 2109-10.

2

There is no indication that defendant sought to exhaust administrative remedies. Defendant argues that he was not required to do so, or to seek judicial review of the administrative proceedings, because such acts would have been futile. But the exhaustion of administrative remedies is statutorily required by § 1326(d) and is therefore mandatory. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) (the Court will "not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

Defendant has also shown no basis for concluding that his right of judicial review was impeded in some way. To the contrary, it appears clear that he waived any further judicial review.

Defendant has also not shown that his removal proceedings were fundamentally unfair. The record indicates that defendant knew of the date and time of his hearing, and that he appeared at it. There is thus no basis for concluding that he was prejudiced by any technical or other deficiency that may have existed as to the notices and other documents which commenced the proceeding.

As no basis for a successful collateral attack on the underlying removal proceeding has been shown and no basis for a suggestion of factual innocence has been otherwise established, the court concludes no persuasive basis for withdrawing his guilty plea has been shown. Defendant's Motion to Withdraw Guilty Plea [Doc. # 26] is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated this 11th day of October, 2018.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE